**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**PATRICK MCKILLEN AND HUME STREET MANAGEMENT CONSULTANTS LIMITED,**

**Plaintiffs,**

**- against -**

**JOHN DOES,**

**Defendants.**

**26-cv-4090 (JGK)**

**Order**

**John G. Koeltl, District Judge:**

The plaintiffs ask to take third-party discovery preceding the Rule 26(f) conference so they can identify the John Doe defendants. For the reasons explained below, that motion is **granted in part and denied in part**.

The plaintiffs sue the John Doe defendants based on claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Stored Communications Act, 18 U.S.C. §§ 2701–07. They allege that the John Doe defendants hacked into the account of an assistant, obtained confidential information, and then disseminated that confidential information to various media outlets. Their investigation has allowed them to trace the hacking to a single IP address serviced by four IP Service Providers. They also have identified thirteen Media Outlets who published the hacked information. The plaintiffs now seek to issue subpoenas and letters of request under the Hague Convention to obtain information about the hackers' identities from the IP Service Providers and Media Outlets. The plaintiffs contend that many of the

Media Outlets have adopted privacy policies that allow them to produce this information in response to valid subpoenas.

It is well established that pre-answer discovery is appropriate to identify John Doe defendants for service if there is good cause. See Digit. Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. Jan. 30, 2012); accord 8A Wright & Miller's Federal Practice & Procedure § 2046.1 (3d ed. 2026) (explaining that Rule 26(d) implies, and courts frequently apply, a good cause requirement to early discovery requests). "Courts in this district routinely find 'good cause' . . . where a Plaintiff is able to make out a prima facie case and is otherwise unable to identify the Defendants without a court-ordered subpoena." Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, No. 16-cv-2462, 2016 WL 2894919, at *2 n.2 (S.D.N.Y. May 16, 2016).

In this case, the basis for the subpoenas or requests under the Hague Convention is well supported as to the IP Service Providers. Therefore, the plaintiffs' request to take limited early discovery from the IP Service Providers is **granted**.

The plaintiffs' request to take early discovery from the Media Outlets is **denied without prejudice** for lack of good cause. Although at least some of these entities appear to have privacy policies that allow disclosure in response to subpoenas, it is unclear at this stage if that is true for all of them. In any event, the media should be a last resort rather than a first resort for information at any stage of discovery. See generally, Gonzales v. Nat'l Broad.

Co., 194 F.3d 29, 32–36 (2d Cir. 1999) (explaining that even on a regular schedule, the media enjoys a qualified privilege that can be overcome only when the information is "not reasonably obtainable from other available sources"); Baker v. F & F Inv., 470 F.2d 778, 784–85 (2d Cir. 1972) (emphasizing "that the public interest in non-disclosure of journalists' confidential news sources will often be weightier than the private interest in compelled disclosure"). In this case, the plaintiffs seek discovery on the same topics from the IP Service Providers and have given the Court no specific reason to believe those entities no longer have the information necessary to identify the John Doe defendants. It is therefore—at a minimum—premature to take discovery from the Media Outlets when other avenues to that information remain open.

Finally, the plaintiffs' request to take additional early discovery without further permission of the Court is too broad and lacks good cause, particularly when discovery from the IP Service Providers may be sufficient. It is therefore also **denied**.

## CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Early Third-Party Discovery is **granted** as to the request to take early discovery from the IP Service Providers, **denied without prejudice** as to the request to take early discovery from the Media Outlets, and **denied** as to the request to take additional early discovery without further permission of the Court.

The Clerk is respectfully requested to close ECF No. 8.

**SO ORDERED.**

**Dated:** **New York, New York**
**August 19, 2026**

**/s/ John G. Koeltl, U.S.D.J.**
**John G. Koeltl**
**United States District Judge**